IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOSE L. DIAZ REYES,

Plaintiff,

v.

COMMISSIONER SOCIAL SECURITY ADMINISTRATION,

Defendant.

No. 6:15-cv-00034-HZ

OPINION & ORDER

Alan Stuart Graf
Alan Stuart Graf, P.C.
208 Pine St.
Floyd, VA 24091

Max Rae
P.O. Box 7790
Salem, OR 97303

Attorneys for Plaintiff

Janice E. Hebert
Assistant United States Attorney
U.S. Attorney's Office, District of Oregon
1000 SW Third Avenue, Suite 600
Portland, OR 97204

Lisa Goldoftas
Social Security Administration
Office of the General Counsel
701 Fifth Avenue, Suite 2900
Seattle, WA 98104

Attorneys for Defendant

HERNÁNDEZ, District Judge:

Plaintiff Jose Diaz Reyes brings this action for judicial review of the Commissioner's final decision denying his application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. This Court has jurisdiction under 42 U.S.C. § 405(g) (incorporated by 42 U.S.C. § 1382(c) (3)). For the reasons that follow, the Commissioner's decision is reversed and remanded for further proceedings.

**PROCEDURAL BACKGROUND**

Plaintiff applied for DIB on April 15, 2008, alleging an onset date of July 9, 2005. Tr. 104, 252.[1] His application was denied initially and on reconsideration. Tr. 98, 135. On August 31, 2010, Plaintiff appeared with counsel for a hearing before Administrative Law Judge (ALJ) Michael Gilbert. Tr. 58-95. On September 24, 2010, ALJ Gilbert found Plaintiff not disabled. Tr. 98-115. Upon review, the Appeals Council vacated the decision and remanded the case for further proceedings. Tr. 123.

The Appeals Council found that ALJ Gilbert's conclusion that Plaintiff had past relevant work as a flagger was "not clearly supported by the record." Tr. 123. In addition, the Appeals Council found that the jobs cited by the vocational expert (VE) did not match the Dictionary of Occupational Title (DOT) codes that were provided and/or that the jobs that corresponded to those codes were not within Plaintiff's residual functional capacity (RFC). Id. Therefore, the

[1] Citations to "Tr." refer to the page(s) indicated in the official transcript of the administrative record, filed herein as Docket No. 13.

Council concluded that the ALJ's findings at steps four and five of the sequential evaluation process were not supported by substantial evidence. Id. The Appeals Council directed the ALJ upon remand to "adhere to the standards set out in 20 C.F.R. § 404.1565 and Social Security Rulings 82-61, 82-62 and 96-8p for any conclusions reached about past relevant work." Tr. 124. The ALJ was instructed to continue on to step five of the sequential analysis, if necessary. Id.

On March 5, 2013, Plaintiff appeared with counsel for a hearing before ALJ Dan Hyatt. Tr. 46. Plaintiff requested a closed period of disability from July 9, 2005 through September 30, 2011. Tr. 28. On March 28, 2013, ALJ Hyatt found Plaintiff not disabled during that closed period. Tr. 22. The Appeals Council denied review. Tr. 1-8.

**FACTUAL BACKGROUND**

Plaintiff concedes that he engaged in substantial gainful activity (SGA) in 2005 and 2006 and that, therefore, he is disqualified under step one of the sequential analysis for disability benefits for those years. He requests that the Court direct an award of benefits from April 2007 through September 2011. Pl.'s Br. 13.

Plaintiff alleges disability during the period requested based on injuries to his left hand and neck from a workplace injury sustained in 2005. Tr. 287. At the time of the hearing in front of ALJ Hyatt, Plaintiff was forty-nine years old. Tr. 48. He had seven years of education in Mexico. Id. He had past work experience as a flagger, laborer, and heating installer. Tr. 288.

**SEQUENTIAL DISABILITY ANALYSIS**

A claimant is disabled if unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). Disability claims are evaluated according to a five-step procedure. See, e.g., Valentine v.

Comm'r, 574 F.3d 685, 689 (9th Cir. 2009). The claimant bears the ultimate burden of proving disability. Id.

In the first step, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520(b), 416.920(b). In step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." Yuckert, 482 U.S. 137 at 140-41; 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled.

In step three, the Commissioner determines whether the impairment meets or equals "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." Yuckert, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four. Yuckert, 482 U.S. at 141.

In step four, the Commissioner determines whether the claimant, despite any impairment(s), has the residual functional capacity to perform "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can, the claimant is not disabled. If the claimant cannot perform past relevant work, the burden shifts to the Commissioner. In step five, the Commissioner must establish that the claimant can perform other work. Yuckert, 482 U.S. at 141-42; 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Commissioner meets his burden and proves that the claimant is able to perform other work which exists in the national economy, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

///

## ALJ HYATT'S DECISION

At step one, ALJ Hyatt determined that Plaintiff had engaged in SGA in 2005, 2006, 2007, and 2008.[2] Tr. 30. The ALJ determined that Plaintiff had not engaged in SGA in 2009 or 2010, but that Plaintiff had engaged in SGA since January 1, 2011. Id.

Next, at steps two and three, the ALJ determined that Plaintiff had the following severe impairments during the alleged period of disability: carpal tunnel syndrome and cervical spine degenerative disc disease. Tr. 31. However, the ALJ determined that Plaintiff's impairments, alone or in combination, did not meet or medically equal the severity of a listed impairment. Id.

At step four, the ALJ concluded that Plaintiff had the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b) except that Plaintiff was able to frequently climb ramps or stairs, balance, stoop, kneel, and crouch, but Plaintiff could never crawl or climb ladders, ropes or scaffolds. Tr. 32. Plaintiff could never perform overhead reaching with the left upper extremity; and Plaintiff was able to occasionally perform handling and fingering manipulations with the left upper extremity. Id.

The ALJ determined that Plaintiff had past relevant work as a flagger. Tr. 37. The ALJ determined that Plaintiff could perform work as a flagger both as it was actually and generally performed, and that this job did not required the performance of work-related activities precluded by Plaintiff's RFC. Id. Tr. 19. Thus, the ALJ determined that Plaintiff was not disabled at any time during the closed period of alleged disability. Tr. 38.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th

[2] As stated above, Plaintiff concedes he engaged in SGA in 2005 and 2006.

Cir. 2004). "Substantial evidence" means "more than a mere scintilla, but less than a preponderance." Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995)). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id.

The court must weigh the evidence that supports and detracts from the ALJ's conclusion. Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007) (citing Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998)). The reviewing court may not substitute its judgment for that of the Commissioner. Id. (citing Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)); see also Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading. Id.; see also Batson, 359 F.3d at 1193. However, the court cannot not rely upon reasoning the ALJ did not assert in affirming the ALJ's findings. Bray, 554 F.3d at 1225-26 (citing SEC v. Chenery Corp., 332 U.S. 194, 196 (1947)).

## DISCUSSION

Plaintiff contends that ALJ Hyatt erred by: (1) finding that Plaintiff engaged in substantial gainful activity (SGA) in 2007 and 2008; (2) finding that Plaintiff's work as a flagger was past relevant work; and (3) finding that Plaintiff could perform his past relevant work as a flagger as actually performed and as generally performed. The Court agrees.

### I. Substantial Gainful Activity in 2007 and 2008

Plaintiff argues that ALJ Wyatt erred in finding that Plaintiff engaged in SGA, within the meaning of 20 C.F.R. § 404.1571, in 2007 and 2008. ALJ Wyatt reached his conclusion based on Plaintiff's earnings record and Plaintiff's prior testimony in front of ALJ Gilbert.

Earnings above the statutory minimum create a presumption that the claimant engaged in SGA. Katz v. Sec'y of Health & Human Servs., 972 F.2d 290, 293 (9th Cir. 1992). However, the earnings presumption can be rebutted and the presumption does not relieve an ALJ of the duty to develop the record fully and fairly. Id.; Corrao v. Shalala, 20 F.3d 943, 948 (9th Cir. 1994), as modified on reh'g (Apr. 7, 1994).

Even if a claimant's earnings create a presumption, for activity to constitute SGA, it still must involve "significant physical or mental activities" and must be the type of work usually done for pay or profit. 20 C.F.R. §§ 404.1572 (a) & (b). Factors to be considered in addition to the amount earned include the time spent working, quality of a person's performance, special working conditions, and for individuals who are self-employed, the value of their work to the business. Katz, 972 F.2d at 293.

Plaintiff's earnings record reflected self-employment earnings of $11,544 in 2007 and $17,614 in 2008. Tr. 30. ALJ Wyatt found that "[t]hese amounts are indicative of substantial gainful activity"; in other words, the ALJ determined at step one of the sequential analysis that Plaintiff was not disabled in 2007 or 2008. Tr. 29, 30 ("If an individual engages in SGA, he is not disabled[.]").

Plaintiff argues that the earnings record inaccurately portrays his 2007 and 2008 earnings. At Plaintiff's 2010 hearing in front of ALJ Gilbert, Plaintiff explained that his wife ran a daycare business out of their home. Tr. 68. According to Plaintiff, his tax returns for 2007 and 2008, which were filed jointly with his wife, erroneously credited him with income that was actually paid to his wife for the operation of the day care. Id. Plaintiff had previously corroborated these assertions on his initial disability application dated September 18, 2008, where he stated that his tax returns did not accurately reflect his earnings and that the earnings posted to his record were

in fact his wife's earnings from her day care business. Tr. 253. The ALJ noted that such earnings only appeared on Plaintiff's earning records for 2007 and 2008, despite the fact that Plaintiff's wife ran the daycare business before and after those years. Tr. 69. Plaintiff did not have an explanation for this anomaly and Plaintiff's attorney stated that he did not have Plaintiff's wife's earnings record to examine. Id.

Plaintiff testified that he did not work during 2007 and 2008 and that, because he was at home not working, he helped his wife watch the children in the day care. Tr. 68-69. When asked by ALJ Gilbert to describe the ways in which he helped his wife with the day care business, Plaintiff responded:

> I just help to watch [the children] and look out so they don't fall and so they don't get into fights. And I do that just by sitting in the living room. . . . I don't do anything else. I don't do any cooking or changing their clothes, anything, my wife does that.

Tr. 70.

Plaintiff's wife, Beta Diaz, also testified in front of ALJ Gilbert regarding her day care business. When asked whether Plaintiff participated at all in helping her take care of the children, Ms. Diaz said "no." Tr. 79. Ms. Diaz testified that Plaintiff did not work for her, he was not her employee, and she had not paid him in 2007 and 2008. Tr. 80. As to why earnings were attributed to Plaintiff only for those two years, Ms. Diaz testified that a "certain lady" had done their taxes for them those years.[3] Tr. 81. The ALJ did not find Ms. Diaz credible to the extent she testified that Plaintiff did not work for her because of Plaintiff's testimony that he watched the children during the day. Tr. 34.

---

[3] The Court notes that an interpreter was used for the testimony of Plaintiff and Ms. Diaz.

Despite Plaintiff's testimony from the 2010 hearing[4] and Plaintiff's statement on his disability application, ALJ Wyatt found that Plaintiff engaged in SGA in 2007 and 2008. However, the ALJ failed to consider any of the factors listed in 20 C.F.R. §§ 404.1573-404.1576. The ALJ made no findings, for example, as to whether Plaintiff's testimony that he sat in the living room and watched children constituted a significant physical or mental activity. Nor is there any evidence in the record as to the amount of time Plaintiff watched children, the quality of his performance, or the value of this activity to the business.

The ALJ's step one finding lists only Plaintiff's earnings record as an indication of SGA. Such an analysis does not satisfy the letter or the spirit of the regulations. See Keyes v. Sullivan, 894 F.2d 1053, 1056 (9th Cir. 1990) ("The mere existence of earnings over the statutory minimum is not dispositive" as to whether a disability claimant is engaging in SGA.). Furthermore, even considering the ALJ's decision as a whole, the Court does not find substantial evidence to support the ALJ's conclusion that Plaintiff engaged in SGA. Thus, the ALJ erred. On remand, the ALJ must develop the record in accordance with the regulations to determine whether or not Plaintiff engaged in SGA in 2007 and 2008.

## II. Past Relevant Work as a Flagger

Plaintiff argues that the ALJ erred in finding that Plaintiff had past relevant work as a flagger. Plaintiff worked as a flagger from July 2009 into the second quarter of 2011. His earnings in 2009 and 2010 did not rise to the level of substantial gainful activity (SGA); however, Plaintiff's earnings were at the SGA level in the first quarter of 2011. The ALJ concluded that Plaintiff's SGA level work in 2011, combined with the unskilled nature of the job

---

[4] While ALJ Wyatt found Plaintiff "not entirely credible" overall, he appears to have accepted Plaintiff's testimony regarding his role in the day care. Tr. 34. ALJ Wyatt used Plaintiff's testimony on this topic to find Ms. Diaz not credible. Id.

and the length of time Plaintiff performed the job, rendered his flagger work as "past relevant work."

ALJ Gilbert, in his 2010 decision, also concluded that Plaintiff had past relevant work as a flagger. In remanding the case for further proceedings, the Appeals Council noted that ALJ Gilbert's conclusion was not clearly supported by the record. At the hearing in front of ALJ Gilbert, Plaintiff had testified that "he worked in this position on a part-time basis, for a short period of time[.]" Tr. 123. Neither Plaintiff's work history report nor his work background report listed the position. Id. The Appeals Council directed the subsequent ALJ on remand:

> Adhere to the standards set out in 20 CFR 404.1565 and Social Security Rulings 82-61, 82-62 and 96-8p for any conclusions reached about past relevant work. The record must reflect that the claimant's past work activity meets the durations and substantial gainful activity guidelines to be considered past relevant work.

Tr. 124.

ALJ Hyatt, on remand, considered all of the same evidence that ALJ Gilbert had considered, as well as an earnings record that showed that, in the first quarter of 2011, Plaintiff earned enough as a flagger to put him above SGA earnings levels. Plaintiff concedes that the job of flagger met the statutory definition of past relevant work as of March 31, 2011. However, because Plaintiff did not perform the flagger job at SGA levels until March 31, 2011, Plaintiff argues that the job was not past relevant work before that time.

Work experience is considered past relevant work when (1) it was done within the last 15 years, (2) it lasted long enough for the claimant to learn to do it, and (3) it was SGA. 20 C.F.R. § 404.1565. Here, there is no question that Plaintiff performed work as a flagger within 15 years of his hearing in front of ALJ Hyatt on March 5, 2013. In addition, Plaintiff does not challenge the finding that he performed the job long enough to learn how to do it. Therefore, the issue is solely whether Plaintiff's past work as a flagger was SGA.

The concept of SGA involves the amount of compensation and the substantiality and gainfulness of the activity itself. Keyes v. Sullivan, 894 F.2d 1053, 1056 (9th Cir. 1990) (citing 20 C.F.R. § 404.1532(b)). While a presumption of substantial gainful employment exists if the applicant earns over the amount specified in the guidelines, the mere existence (or non-existence) of such earnings is not dipositive. Id.; 20 C.F.R. §§ 404.1574(b)(2).

The evidence ALJ Wyatt considered regarding Plaintiff's flagger work in 2009 and 2010 was identical to the evidence the Appeals Council determined was insufficient to support a finding of past relevant work. Therefore, ALJ Wyatt had no basis to conclude that Plaintiff performed past relevant work prior to 2011. The Court finds, just at the Appeals Council found, that the conclusion that Plaintiff performed past relevant work as a flagger prior to 2011 is unsupported by substantial evidence in the record.

## III. Performance of Work as a Flagger as Performed and as Generally Performed

Even though Plaintiff concedes that the flagger job was past relevant work in 2011, he argues that the ALJ erred in finding that Plaintiff could perform the job of flagger as performed and as generally performed.

The Appeals Council's remand order directed the ALJ to comply with the standards set out in SSR 82-62, which include the following:

> In finding that an individual has the capacity to perform a past relevant job, the determination or decision must contain among the findings the following specific findings of fact:
>
> 1. A finding of fact as to the individual's RFC.
> 2. A finding of fact as to the physical and mental demands of the past job/occupation.
> 3. A finding of fact that the individual's RFC would permit a return to his or her past job or occupation.

Titles II & Xvi: A Disability Claimant's Capacity to Do Past Relevant Work, in Gen., SSR 82-62 (S.S.A. 1982).

As to the flagger position as generally performed, the ALJ relied upon the VE's testimony at the prior administrative hearing.[5] The VE testified that the flagger position was an unskilled, light duty position. Tr. 85. ALJ Gilbert and the VE had the following exchange:

> ALJ: The flagger job, what is the handling requirement?
>
> VE: The flagger job, handling is frequent on the flagger job, and is supposed to be at light. However, by job description however, I think they have at frequent because of the hours of the day that you have to use that limb in order to do the basic task of the job. In other words, two-thirds, up to two-thirds.
>
> ALJ: Okay.
>
> VE: That you're using one limb or the other.
>
> ALJ: All right. So if one limb is constant and the other non-dominate is occasional, which is what I identified—
>
> VE: Right.
>
> ALJ: -- how does that play out with a flagger? Does it eliminate it or does it remain?
>
> VE: Depending on the number of hours of the day worked and how many breaks they get, it's a bit [INAUDIBLE]. They can make it work for themselves is what I can say to you, judge. Otherwise that's a bit of a strain if it's constant with one extremity.
>
> **ALJ: Okay. So if I understand your testimony, you're saying it's possible that he could do this job but it depends on the job.**
>
> **VE: Yes.**
>
> ALJ: And how many normal breaks.
>
> VE: Sometimes they can get hung up but the rule of those jobs is to have a break every two hours, which is for personal needs and so forth.
>
> ALJ: Ok, let's assume then that – I'll take your testimony, but let's assume then that past work is ruled out.

Tr. 86 (emphasis added).

---

[5] At the March 5, 2013 hearing, ALJ Wyatt had a VE present but elected not to take any testimony from that expert. Tr. 46-56.

ALJ Wyatt relied solely on this prior testimony to determine that Plaintiff could perform past relevant work as a flagger as generally performed. The Court's reading of the transcript finds that it lacks substantial evidence to reach such a conclusion. The VE unequivocally agreed with the ALJ's characterization of her testimony that Plaintiff's ability to work as a flagger "depended on the job." Because the VE stated that, given Plaintiff's RFC, Plaintiff may or may not be able to perform the job as generally performed, the ALJ erred in concluding that Plaintiff could perform the job as generally performed.

Defendant argues that, even if the VE's testimony precluded flagger work as generally performed, the ALJ's error was harmless because he also found Plaintiff could perform the job of flagger as actually performed. However, the ALJ made no findings of fact as to the physical or mental demands of the flagger job as Plaintiff performed it, as required by SSR 82-62. Therefore, the ALJ's conclusion that Plaintiff could perform the flagger job as performed is not supported by substantial evidence.

**IV. Remand for Further Proceedings**

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the Court. Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir. 2000). The issue turns on the utility of further proceedings. A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is insufficient to support the Commissioner's decision. Strauss v. Comm'r of Soc. Sec. Admin., 635 F.3d 1135, 1138–39 (9th Cir. 2011. The "ordinary remand rule" is the proper course except in rare circumstances. Treichler v. Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1101 (9th Cir. 2014).

Plaintiff argues that the Court should direct payment of benefits. Plaintiff contends that the uncontradicted opinion of his treating physician, Dr. Craig McNabb, M.D., established that during the relevant period Plaintiff was medically stationary and completely unable to use his left upper extremity and hand. Tr. 12. According to Plaintiff, "[t]here is no contrary opinion rendered by a treating physician during the same relevant period." Tr. 12.

However, Plaintiff did not contest the ALJ's decision to assign "little weight" to Dr. McNabb's decision. See Tr. 36. The ALJ found that Dr. McNabb's opinions did not correlate with the objective medical evidence or Plaintiff's range of activities, and were inconsistent with the opinions of consultative medical examiners and state agency medical consultants. Tr. 36-37. By not raising objections to the ALJ's conclusions regarding Dr. McNabb, Plaintiff waived any such argument. Thrasher v. Colvin, 611 F. App'x 915, 918 (9th Cir. 2015) (citing Smith v. Marsh, 194 F.3d 1045, 1052 (9th Cir. 1999).

Here, remand for additional proceedings is proper because the record is not fully developed. As discussed above, the ALJ failed to develop the record as to whether Plaintiff engaged in SGA in 2007 and 2008. Furthermore, because the ALJ erroneously concluded that Plaintiff could perform past relevant work as a flagger, the ALJ failed to proceed to step five of the sequential analysis and obtain supplemental evidence from a VE, as directed by the Appeals Council. Accordingly, remand for additional proceedings is necessary.

///

///

**CONCLUSION**

Based on the foregoing, the Commissioner's decision is reversed and remanded pursuant to Sentence Four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this opinion.

IT IS SO ORDERED.

Dated this 18 day of December, 2015

Marco Hernandez

MARCO A. HERNÁNDEZ
United States District Judge